**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

**GARY BUSBY**,

        Plaintiff,

**vs.**                           No. 22-CV-322

**FEDERAL BUREAU OF PRISONS;**
**DIRECTOR OF FEDERAL BUREAU**
**OF PRISONS COLETTE S. PETERS,**
in her official capacity;
**THOMAS E. BERGAMI,** Warden of FCI-La Tuna
in his Individual and Official Capacity,

AND

**JOHN AND JANE DOES 1-10**,

        Defendants.

                                      **JURY TRIAL DEMANDED**

<u>**COMPLAINT FOR TORT CLAIMS AND CIVIL RIGHTS VIOLATIONS**</u>

**COMES NOW** the Plaintiff, GARY BUSBY, by and through his counsel of record, Ahmad Assed & Associates (Ahmad Assed, Richard Moran, Britany J. Schaffer and Amy Williams) and the Law Office of Joel R. Meyers LLC (Joel R. Meyers) and hereby brings this Complaint for damages against Defendants UNITED STATES OF AMERICA ("United States," "Bureau of Prisons," or "BOP," respectively); Federal Bureau of Prisons, Colette S. Peters, Direct of BOP; and Warden Thomas E. Bergami, Warden of FCI-La Tuna (collectively "Defendants"), pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, 42 U.S.C. §§ 1983 and 1988, the Eighth and Fifth Amendments of the United States Constitution, and common law.  As grounds for this Complaint, Plaintiff states as follows:

1

**JURISDICTION, VENUE, AND PARTIES**

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1346(b), and 2201. Venue is proper in this Court pursuant 28 U.S.C. § 1402(b).

2. Plaintiff Gary Busby is a resident of Round Rock, Texas.

3. Less than six months before this action was instituted, the federal tort claims set forth herein were presented to the United States Department of the Justice – Bureau of Prisons. Because this agency has denied Plaintiff's claim less than six months before this action was instituted, this Court has jurisdiction.

   a. Plaintiffs submitted their Standard Form 95 letter to Defendant U.S. Department of Justice on February 23, 2021.

   b. Plaintiffs submitted proof of representation to the Standard Form 95 letter to Defendant U.S. Department of Justice on June 9, 2021, and again on August 16, 2021.

   c. On March 12, 2022, Plaintiff received a letter from Defendant U.S. Department of Justice, denying his claim.

4. The United States of America is listed as the proper Defendant under the Federal Tort Claims Act, and is referred to in the complaint in terms of its agency, the United States Department of Justice – Bureau of Prisons (hereinafter, "the BOP") which is a federal law enforcement agency.

**RELEVANT BACKGROUND FACTS**

5. The BOP is a federal institution running a sprawling prison system throughout the United States.

6. Defendant Colette Peters is the Director of the Bureau of Prisons with ultimate responsibility over its functions.

7. The BOP is committed to, *inter alia*, providing a safe environment for both staff and inmates.

8. BOP's stated mission is to "protect society by confining offenders in the controlled environments of prisons and community-based facilities that are safe, humane, cost-efficient, and appropriately secure, and that provide work and other self-improvement opportunities to assist offenders in becoming law-abiding citizens."

9. BOP is responsible for the care and safety of its inmates while they are in BOP's custody.

10. The BOP is made up of 122 institutions throughout the nation.

11. The facilities are divided by security classification.

12. The five different security classifications, ranging from lowest to highest, are: minimum, low, medium, high, and administrative.

13. FCI-La Tuna is one of BOP's low security facilities with an adjacent minimum security satellite camp.

14. Defendant Thomas Bergami is the Warden of FCI-La Tuna with overall supervisory responsibility of the facility.

15. Defendants John and Jane Does 1-10 are medical providers, correction officers, employees, contractors and agents of Defendant BOP involved in the medical care and decision-making regarding Plaintiff's claims.

16. Plaintiff entered the Bureau of Prisons on March 6, 2018.

17. Plaintiff began service of his sentence at FCI-La Tuna.

18.     Based upon his security classification, Plaintiff was designated to serve his sentence in the minimum-security satellite camp.

19.     In or about November 2019, Plaintiff was diagnosed with Chronic Lymphocytic Leukemia (CLL) -- an aggressive form of blood cancer.

20.     CLL is an incurable disease.

21.     In early 2020, a biopsy confirmed the diagnosis.

22.     According to the Centers for Disease Control, this diagnosis placed Plaintiff in the category of people who are at an "increased risk of severe illness from the virus that causes COVID-19[.]"

23.     On March 13, 2020, the World Health Organization declared the coronavirus caused by COVID-19 a worldwide pandemic.

24.     By December of that year, several companies had introduced a vaccine with promising results.

25.     The BOP was slow to vaccinate their staff and inmates.

26.     As of September 2, 2022, 49,108 inmates had contracted COVID-19 and another 306 died.

27.     As to FCI-La Tuna, as of September 2, 2022, 561 inmates had contracted COVID-19 and two died.

28.     On or about April 20, 2020, with the coronavirus raging inside and out of prisons, Plaintiff requested compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), through the BOP.

29.     On July 16, 2020, Warden Thomas E. Bergami, of FCI-La Tuna, responded and denied Plaintiff's request.

4

30. During the summer of 2020, Plaintiff's blood markers escalated outside of acceptable ranges, his WBC soared, and all signs led to a suppressed immune system.

31. By late October 2020, his lymph glands began to swell.

32. Finally, with his condition worsening and due to his loss of strength, the medical staff at FCI-La Tuna placed Plaintiff on "medical convalescent" status.

33. Shortly thereafter, arrangements were made for Plaintiff to transition to home confinement status to serve out the remainder of his sentence.

34. While under home confinement status, inmates are still under the security and control of the BOP.

35. Plaintiff was scheduled to be released on December 2, 2020.

36. On November 10, 2020, prior to being released to the community, and presumably to prevent the rampant spread of COVID-19, Plaintiff was subjected to a 21-day quarantine in FCI-La Tuna's Special Housing Unit (SHU).

37. The SHU is usually reserved for disciplinary confinement.

38. The SHU is a 60-man unit where prisoners are forced to share a 6' x 9' cell with another inmate.

39. Nearly all activities are done within that 54 square feet area.

40. While confined to the SHU, Plaintiff was denied many privileges.

41. Plaintiff had no recreation.

42. Plaintiff had limited showering opportunities.

43. Plaintiff had inadequate toiletries.

44. BOP did not provide Plaintiff with anti-bacterial and other cleaning products.

45. The ventilation system in the SHU was inadequate.

5

46. The airflow only circulated between the other cells within the SHU.

47. Plaintiff had no access to fresh air.

48. While Plaintiff was in the SHU, BOP placed two people infected with COVID-19 into the SHU.

49. As a result, all 60 inmates soon contracted the coronavirus.

50. On November 24, 2020, Plaintiff tested positive for the novel coronavirus.

51. By December 4, 2020, Plaintiff's symptoms worsened.

52. Plaintiff's blood oxygen levels fell below 90%.

53. Plaintiff was plagued by rampant diarrhea.

54. BOP staff ignored Plaintiff's pleas to be taken to a hospital.

55. Plaintiff's condition worsened.

56. By the time Plaintiff was finally released from the SHU, he could barely walk.

57. On December 8, 2020, too weak to get out of bed, Plaintiff was taken by wheelchair to medical at FCI-La Tuna where he received one-half liter of saline by IV, plus supplemental oxygen and anti-diarrheal medicine.

58. BOP held Plaintiff under strict "medical care" for an entire week.

59. On December 14, 2020, Plaintiff returned to the Camp portion of FCI-La Tuna where he was forced to wait until December 23, 2020, to be released.

60. Less than two weeks after being released to home confinement, Plaintiff was admitted to local hospital with the following diagnoses: a) COVID-19; b) Pneumonia due to COVID-19; c) Chronic lymphocytic leukemia; and d) Anemia.

61. Plaintiff still suffers from the serious complications which have been brought on by the coronavirus.

62.     Plaintiff would not have suffered the complications he suffered had Defendants not failed to act to approve his request for compassionate release, and acted intentionally, or at the very least, with reckless indifference to his care.

## CAUSES OF ACTION

### COUNT I – 42 U.S.C. § 1983: EIGHTH AMENDMENT CLAIM
### (Against Defendants Peters, Bergami and John and Jane Does 1-10)

63.     Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

64.     The Eighth Amendment to the United States Constitution guarantees the right to be free from cruel and unusual punishment, including the failure to provide necessary medical care.

65.     Defendants Peters, Bergami and John and Jane Does 1-10 acted under color of law in each of these actions.

66.      By denying Plaintiff compassionate release and providing inadequate medical care, Defendants Peters, Bergami and John and Jane Does 1-10 subjected Plaintiff to cruel and unusual punishment in violation of federal law and the U.S. Constitution.

67.     Defendants Peters, Bergami and John and Jane Does 1-10 acted willfully, wantonly, or with reckless indifference to Plaintiff's clearly-established constitutional rights.

68.     As a direct and proximate result of the actions of Defendants Peters, Bergami and John and Jane Does 1-10, Plaintiff suffered damages.

## COUNT II – 42 U.S.C. § 1983: FIFTH AMENDMENT CLAIMS

### (Against Defendants Peters, Bergami and John and Jane Does 1-10)

69.     Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

70.     Defendant Colette Peters, as Director of the BOP, is responsible for all of BOP's operations and for ensuring that inmates' constitutional rights are not violated.

71.     Defendant Thomas E. Bergami, as Warden of FCI-La Tuna, is responsible for the policies and procedures implemented in order to ensure that inmates' constitutional rights are not violated.

72.     Defendants John and Jane Does 1-10 were responsible for the safety and well-being of Plaintiff.

73.     Defendants Peters, Bergami and John and Jane Does 1-10 acted under color of law in each of these actions.

74.     Upon information and belief, Defendant Thomas E. Bergami was aware that Plaintiff Gary Busby had been wrongfully denied medical care, and in overseeing the policies and procedures involved with the deprivation of Plaintiff's medical care, acted in reckless disregard of his constitutional rights.

75.     The Fifth Amendment to the United States Constitution guarantees the right not to be deprived of life, liberty, or property without being afforded due process of law.

76.     By failing to properly administer Plaintiff's request for compassionate release and providing inadequate medical care, Defendants Peters, Bergami and John and Jane Does 1-10 deprived Plaintiff of his rights, privileges, or immunities guaranteed under clearly-established federal law of the U.S. Constitution.

8

77. Defendants Peters, Bergami and John and Jane Does 1-10 acted willfully, wantonly, or with reckless indifference to Plaintiff's constitutional rights.

78. As a direct and proximate result of the actions of Defendants Peters, Bergami and John and Jane Does 1-10, Plaintiff Gary Busby suffered damages.

**TORT CLAIM**

COUNT III – VIOLATION OF FEDERAL TORT CLAIMS ACT
(Against Federal Bureau of Prisons)

73. Plaintiff incorporates by reference the preceding paragraphs as though they were stated fully herein.

74. Defendant BOP had a duty to ensure Plaintiff received adequate medical care.

75. Defendant BOP directly took action against Plaintiff by authorizing and facilitating the inhumane treatment of Plaintiff.

76. Defendant BOP breached its duty of care to Plaintiff by negligently failing to provide adequate medical care to Plaintiff and denying compassionate release.

77. As a direct and proximate cause of Defendant BOP's actions, Plaintiff failed to receive proper medical care while he was detained in Defendant BOP's facility, and Plaintiff suffered from serious medical complications as a result.

78. Defendant BOP, by failing to provide adequate medical care to Plaintiff, deprived Plaintiff of rights, privileges, and immunities secured by the Federal Constitution.

79. Defendants Peters and Bergami acted willfully, wantonly, or with reckless indifference to Plaintiff's medical needs.

80. Under the Federal Tort Claims Act, Defendant United States by way of the Department of the Justice, Bureau of Prisons, has not waived these claims and is liable for these actions.

## JURY DEMAND

Plaintiff hereby demands a jury for all claims to which a jury is entitled.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff prays for a judgment against Defendants as follows:

1.      Awarding damages, jointly and severally against all Defendants, in an amount that the jury determines sufficient to compensate Plaintiff for the constitutional deprivations inflicted by Defendants and the corresponding damages that flow from those violations;

2.      Awarding damages against Defendants in an amount that the jury determines sufficient to compensate Plaintiff for Defendants' tortious conduct;

3.      Awarding punitive damages against Defendants in an amount the jury determines is sufficient to deter Defendants and other similar agencies from acting in a reckless and callous disregard of, or indifference to, the rights and safety of Plaintiff and others;

4.      Awarding reasonable costs and attorney's fees incurred in bringing this action pursuant to 42 U.S.C. § 1988, to be paid by Defendants; and

5.      Granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Britany J. Schaffer[1]*
AHMAD ASSED & ASSOCIATES
Ahmad Assed
Richard J. Moran
Britany Schaffer
818 5th Street NW
Albuquerque, NM 87102
Phone 505/246-8373
Fax 505/246-2930

---

[1] Counsel will be seeking *pro hac vice* admission.

/s/ *Joel R. Meyers*

Joel R. Meyers[2]
The Law Office of Joel R. Meyers, LLC
1000 Cordova Place, #930
Santa Fe, NM 87505
jrm@jrmeyerslaw.com
505.847.7757
505.847.5929 FAX

Attorneys for Plaintiff

---

[2] Counsel will be seeking full admission to the Western District of Texas.